# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2014

Lyle W. Cayce
Clerk

No. 13-40180
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEONEL BOSCH,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-708-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Leonel Bosch appeals the 60-month sentence imposed following his guilty plea conviction for possession with intent to distribute 224.25 kilograms of marijuana. He asserts that the district court erred in denying his request for a sentence reduction under U.S.S.G. §§ 2D1.1(b)(16)[1] and 5C1.2. The district court's denial of the reduction was based on its determination that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Although Bosch cited § 2D1.1(b)(11) in his brief, it is clear from the substance of his briefing and context of this case that he meant to cite § 2D1.1(b)(16).

No. 13-40180

Bosch had not been truthful in providing information to the government. Bosch argues that at the time of sentencing there was no evidence before the district court showing that he did not provide truthful information and that the district court's credibility determination was based upon speculation, rather than "specific factual findings" or "evidence in the record."

We review the district court's denial of the § 5C1.2 reduction for clear error. *See United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006). We are particularly deferential to a district court's credibility determinations. *United States v. Powers*, 168 F.3d 741, 752-53 (5th Cir. 1999).

The safety valve provision, in pertinent part, requires that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan[.]" U.S.S.G. § 5C1.2(a)(5).

After considering Bosch's arguments and questioning him extensively, the district court determined that his statements were not credible. Because the district court's adverse credibility determination is plausible in view of the record as a whole, it is not clearly erroneous. *See United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010); *McCrimmon*, 443 F.3d at 457-58. Therefore, Bosch has not shown that the district court clearly erred in denying his motion for a sentence reduction under § 5C1.2. *See McCrimmon*, 443 F.3d at 457.

AFFIRMED.